UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ALFRED TAYLOR EL, | No.  1:26-cv-02816-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL |
| v. | |
| GAVIN NEWSOM, et al., | (ECF No. 6) |
| Defendants. | |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On April 16, 2026, the Court ordered Plaintiff to pay the $405.00 filing fee or submit an application to proceed in forma pauperis within forty-five days.  (ECF No. 4.)

On April 20, 2026, Plaintiff filed a motion for class certification and appointment of counsel.  (ECF No. 6.)  Plaintiff's motion must be denied.

**I.**

**DISCUSSION**

Plaintiff seeks to prosecute this lawsuit as a class action, but he may not do so. One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

///

1

Federal Rule of Civil Procedure 23(a) governors whether a case can proceed as a class action.  The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a). A class action may not be certified where the representative parties are without counsel and especially where the plaintiff is incarcerated. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer has no authority to appear as an attorney for other persons in a purported class action); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted) (a non-attorney may represent himself but he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to represent fellow prisoner in a class action).

With regard to Plaintiff's request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, the Court has yet to screen Plaintiff's complaint and cannot make any determination of the likelihood of success.  In addition, a cursory review of Plaintiff's complaint and the filings to date reflect that Plaintiff is able to articulate his claims and adequately litigate this action. Accordingly, having considered the factors under Palmer, the Court finds that Plaintiff fails to

meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and Plaintiff's motion for appointment of counsel shall be denied, without prejudice.

Even if Plaintiff was granted counsel, his request for class certification is still subject to denial because Plaintiff simply cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Accordingly, the Court must construe this action as an individual civil rights suit brought by Plaintiff alone and the request to certify this action as a class action will be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for class certification and appointment of counsel, (ECF No. 6), is DENIED.

IT IS SO ORDERED.

Dated:   **April 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge